**TYSON & MENDES LLP**
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
Email:  pobriant@tysonmendes.com
2835 St. Rose Pkwy, Suite 140
Henderson, NV 89052
Tel: (702) 724-2648
Fax: (702) 410-7684
*Attorneys for Plaintiff Falls Lake*
*Fire and Casualty Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Falls Lake Fire and Casualty Company, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIV Holdings, LLC d/b/a Jardin Premium Cannabis Dispensary, a Nevada limited liability company; DIV Realty, LLC, a Nevada limited liability company; Jorge Abarca, an individual; DOES 1-20; and ROE CORPORATIONS 1 - 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Falls Lake Fire and Casualty Company by and through its attorneys of record, Tyson & Mendes, hereby alleges:

**JURISDICTION, VENUE AND PARTIES**

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. Plaintiff Falls Lake Fire and Casualty Company ("Falls Lake") is, and was at all relevant times herein, a California corporation, with its principal place of business in Raleigh, North Carolina.

3. At all times relevant hereto, DIV Holdings, LLC d/b/a Jardin Premium Cannabis Dispensary, was a Nevada Limited Liability Company.  Upon information and belief, DIV Holdings, LLC's sole manager is Adam D. Cohen, a resident of Nevada.

4. At all times relevant hereto, DIV Realty, LLC, was a Nevada Limited Liability Company. Upon information and belief, DIV Realty, LLC's sole manager is DIV Holdings, LLC.

5. At all times relevant hereto, Defendant Jorge Abarca ("Abarca"), an individual, was a resident of Clark County, Nevada.

6. Each of the defendants designated as Does 1 - 20 and Roe Corporations 1 – 20, inclusive, are individuals, corporations, partnerships, associations or otherwise who allege or may allege that they have an interest in some manner related to the events and happenings herein alleged (including coverage under the subject insurance policy), and who may thereby allege claims against Plaintiff and/or assert claims under the subject insurance policy. The true names and capacities of such individual Doe defendants are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek to obtain leave of Court to amend this complaint to insert the true names and capacities of said Doe defendants if and when the true names of these defendants, if any, are ascertained.

7. Plaintiff brings this action to obtain a declaratory judgment finding that Falls Lake has no duty to defend or indemnify DIV Holdings, LLC ("DIV Holdings") or DIV Realty, LLC ("DIV Realty") in connection with claims asserted against them by Abarca arising from a shooting at its premises located at 2900 E. Desert Inn Road, Las Vegas, NV 89121 DIV Holdings and DIV Realty are hereafter sometimes referred to collectively as the "DIV Defendants."

8. Abarca seeks actual, direct, permanent and proximate damages, consequential damages, and exemplary damages as a result of the shooting. The DIV Defendants seek defense and indemnity from Falls Lake Fire and Casualty Company.

9. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Falls Lake and Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying the DIV defendants in the Underlying Lawsuit, exceeds $75,000.

///

///

2

10.     Venue is appropriate under 28 U.S.C. § 1391 because the acts from which the Underlying Lawsuit originated, i.e., the insurance contract at issue and the alleged wrongs, occurred in the District of Nevada.

## CLAIMS AGAINST THE INSUREDS

11.     On March 27, 2023, Abarca filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada captioned *Abarca v. Nash*, et. al., case number A-23-867873-C (the "*Abarca* Action").  The Complaint names DIV Realty, DIV Holdings, Blackbriar Protective Services, LLC, and Cory Nash as Defendants.  The Complaint is attached hereto as **Exhibit A.**

12.     The Complaint alleges DIV Realty owns and controls the property located at 2900 E. Desert Inn Road, Las Vegas, NV 89121 (the "premises"). (Complaint, ¶ 11).

13.     The Complaint alleges DIV Holdings operates a cannabis dispensary retail shop on the premises. (Complaint, ¶ 12).

14.     DIV Holdings and DIV Realty are sometimes hereafter collectively referred to as the "DIV defendants."

15.     The Complaint alleges Blackbriar Protective Services, LLC ("Blackbriar") provided security services for DIV Holdings and employed Cory Nash ("Nash") as an armed security guard to patrol the premises. (Complaint, ¶¶ 13, 14).

16.     The Complaint alleges on or about December 21, 2022, Abarca entered the parking lot of the premises while waiting for a bus at which time he was approached and harassed by Nash who verbally assaulted Abarca, and physically attempted to move Abarca to leave the parking lot. (Complaint, ¶ 15).

17.     The Complaint alleges Abarca, in fear, threw his skateboard at Nash after which Nash drew his gun and shot Abarca, who was turned away and running from Nash. (Complaint, ¶ 15).

18.     As a result of the Assault, Abarca suffered severe injuries to his legs and/or lower extremities. (Complaint, ¶ 16).

19.     The premises has a history of criminal activity, including criminal assaults, burglaries and robberies, known to the DIV defendants. (Complaint, ¶ 17, 29).

3

20. DIV Realty failed to provide reasonable security precautions to ensure reasonable safety for its business invitees, including Abarca. (Complaint, ¶ 18).

21. DIV Holdings failed to take reasonable security precautions to ensure reasonable safety for the cannabis dispensary retail business invitees, including Abarca. (Complaint, ¶ 19).

22. The DIV defendants knew Nash worked at the premises as an armed security guard. (Complaint, ¶¶ 19, 21).

23. The DIV defendants were aware that criminal conduct occurred on the premises, were responsible for providing security and failed to do so and/or failed to hire adequate security, and failed to take reasonable steps to discourage criminal assaults at the premises. (Complaint, ¶¶ 22, 23, 24).

24. The actions of the defendants were undertaken knowingly, wantonly, willfully, and/or maliciously, in conscious disregard of the rights to Abarca and Abarca is entitled to exemplary and/or punitive damages. (Complaint, ¶¶ 45, 46).

25. Defendants owned a non-delegable duty to Abarca to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors and breached this duty by failing to hire, retain, train, staff, and supervise its employees/agents/contractors, including Nash. (Complaint, ¶¶ 50, 51, 52).

26. Under NRS 202.290, NRS 202.280 and/or 202.320 it is unlawful to aim a firearm at a human being and to discharge a firearm in any place where a person might thereby be endangered. Nash violated this statute intended to protect members of the public from harm and as a result, Abarca suffered injuries. (Complaint, ¶¶ 66, 68, 69).

27. Nash was acting within the scope of his employment with DIV Holdings at the time of the assault. Abarca suffered grievous bodily injury as a result of Nash's actions. DIV Holdings and Blackbriar are vicariously liable for Nash's actions.

28. Based on these and similar allegations, Abarca asserts the following causes of action:

(a) Negligence (all defendants);

(b) Negligent Hiring, Training, Supervision and/or Retention (all defendants);

4

(c)   Gross Negligence (all defendants);

(d)   Negligence Per Se (defendant Nash);

(e)   Respondeat Superior/Vicarious Liability (DIV Holdings, Blackbriar and Nash);

(f)   Declaratory and/or Injunctive Relief (all defendants)

29.   The Complaint seeks a sum in excess of $15,000 for general, special, and punitive damages, as well as declaratory and/or injunctive relief, interest, and reasonable attorney's fees and costs.

30.   Under Nevada law, the duty to defend attaches upon notice of a demand and continues through litigation to final resolution of the claim. *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 309, 212 P.3d 318, 325 (2009).

31.   Based upon the allegations of the Complaint, Falls Lake has agreed to provide a defense to DIV Holdings, LLC in the *Abarca* Action, under a Reservation of Rights specifically based on Falls Lake's belief that no coverage exists under the Policy.

## THE POLICY

32.   Falls Lake issued Policy No. FLF-NV-PK-03279-02 to DIV Holdings effective from January 29, 2022 to January 29, 2023 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

33.   The policy includes the following relevant definitions:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.[1]

34.   The liability coverage insuring agreements of the Policy provides:

**SECTION I – COVERAGES**[2]

**COVERAGAE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured

---

[1] Exhibit B, 00--.

[2] Exhibit B, 00--. As amended by _____

5

against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\* \* \* \* \*

    b.  This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:[3]

        (1)  The "bodily injury" or "property damage":

           (a)  Occurs on the premises shown in the schedule or the grounds and the structures appurtenant to those premises; or

           (b)  Arises out of the project or operation shown in the Schedule;

        (2)  The bodily injury or property damage occurs during the policy period . . .

\* \* \* \* \*

**SECTION II – WHO IS AN INSURED**[4]

1.  If you are designated in the Declarations as:

\* \* \* \* \*

    **c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

35.    The liability coverages of the Policy includes "exclusions" which operate to remove coverage under certain circumstances, including the following:

**SECTION I – COVERAGES**

**COVERAGAE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\* \* \* \* \*

**2. Exclusions**[5]

    This insurance does not apply to:

/ / /

---

[3] Exhibit B, 00--.  As amended by Endorsement CG 21 44 04 17, Exhibit B, 00--.

[4] Exhibit B, 00--.

[5] Exhibit B, 00--.

    **a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. ~~This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.~~[6]

\* \* \* \* \*

36.    The following additional exclusions are added by endorsement:

**EXCLUSION – ASSAULT AND/OR BATTERY**[7]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, subsection **2. Exclusions**…

\* \* \* \* \*

In consideration of the premium charged this insurance does not apply to, and there is no duty on us to defend you for, "bodily injury", "property damage", "personal injury", "advertising injury", medical payments or any injury, loss or damages, including consequential injury, disease or illness, alleged disease or illness, "suit", expense or any other damages, for past, present or future claims, arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any "insured" or any "insured's" "employees", patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. Thus, the sentence "This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property" is deleted from **SECTION I- COVERAGES**, subsection **2. Exclusions**, **a., Expected Or Intended Injury**.

For the sake of clarity, where this insurance does not apply and there is no duty on us to defend you, there is also no coverage and no duty on us to defend any additional insured.

All other terms and conditions of this policy remain unchanged.

\* \* \* \* \*

/ / /

---

[6] Exhibit B, 00--.  As amended by Endorsement MMD 10 06 01 15, Exhibit B, 00--.

[7] Exhibit B, 00--.  Endorsement MMD 10 06 01 15.

**COMBINATION GL ENDORSEMENT – NON CONTRACTORS**[8]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following are added to **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, subsection **2. Exclusions**…

* * * * *

In consideration of the premium charged this insurance does not apply to, and there is no duty on us to defend you for, "bodily injury,". . . loss or damages, including … expense or any other damages, for past, present or future claims arising out of, caused or contributed to:

* * * * *

C. **Fines, Penalties, Punitive or Exemplary Damages**: by fines, penalties, punitive or exemplary damages.
Nor are any expenses or any obligation to share or repay such fines, penalties or damages with, or to, others.

* * * * *

H. **Criminal, Fraudulent, Dishonest or Malicious Acts:** by criminal acts, fraudulent, dishonest or malicious acts or omissions by any insured, any employee, leased worker, temporary worker, casual labor, 1099 worker, uninsured subcontractor or volunteer of any insured or anyone for whom you may be held liable.

### GROUNDS FOR DECLARATORY JUDGMENT

37. Falls Lake incorporates by reference the foregoing paragraphs as if fully stated herein.

38. There is presently a dispute between Falls Lake and the DIV Defendants as to potential liability coverage under the policy.

39. Based upon the plain language of the Policy, there is no coverage available to the DIV Defendants for the *Abarca* Action because the Complaint alleges intentional actions by Nash which resulted in bodily injury. Thus, the bodily injury alleged in the Complaint did not arise from an "occurrence" as defined by the policy and Falls Lake has no duty to defend or indemnify the DIV Defendants in the *Abarca* Action.

/ / /

---
[8] Exhibit B, 00--.  Endorsement MMD 1004 01 15.

40. Based upon the plain language of the Policy, there is no coverage available to the DIV Defendants for the *Abarca* Action because the alleged negligence of the DIV Defendants in preventing the intentional acts Nash does not constitute an "occurrence" as defined by the policy. *Fire Ins. Exch. v. Cornell*, 120 Nev. 303, 306, 90 P.3d 978, 980 (2004). Thus, Falls Lake has no duty to defend or indemnify the DIV Defendants in the *Abarca* Action.

41. Based upon the plain language of the Policy, there is no coverage available to the DIV Defendants for the *Abarca* Action because the Complaint alleges the bodily injury arose from an assault and/or battery. The policy provides coverage does not apply to, and there is no duty to defend for, bodily injury "arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any 'insured' or any 'insured's' 'employees', patrons or any other person." Thus, the coverage does not apply and Falls Lake has no duty to defend or indemnify the DIV Defendants in the *Abarca* Action. *Hernandez v. First Financial Ins. Co.*, 106 Nev. 900, 802 P.2d 1278 (1990).

42. The assault and battery exclusion provides the exclusion applies with respect to any charges or allegations of negligent hiring, training, placement or supervision. The claims against the DIV Defendants include allegations of "negligent hiring, training, supervision and/or retention." Thus, the coverage does not apply and Falls Lake has no duty to defend or indemnify the DIV Defendants in the *Abarca* Action. *Hernandez v. First Financial Ins. Co.*, 106 Nev. 900, 802 P.2d 1278 (1990).

43. Based upon the plain language of the Policy, there is no coverage available to the DIV Defendants for the *Abarca* Action because the Complaint alleges the bodily injury arose from a criminal act under Nevada law. NRS 202.290, NRS 202.280 and/or 202.320. The policy provides coverage does not apply to, and there is no duty to defend for, bodily injury arising out of, caused or contributed to "by criminal acts, fraudulent, dishonest or malicious acts or omissions by any insured, any employee, leased worker, temporary worker, casual labor, 1099 worker, uninsured subcontractor or volunteer of any insured or anyone for whom [DIV] may be held liable." Thus, the coverage does not apply and Falls Lake has no duty to defend or indemnify the DIV

9

Defendants in the *Abarca* Action. *Rivera v. Nevada Med. Liab. Ins. Co.*, 107 Nev. 450, 814 P.2d 71 (1991).

44. The policy provides the insurance does not apply to bodily injury or damages for claims arising out of, caused or contributed to "by fines, penalties, punitive or exemplary damages." Thus, Falls Lake has no duty to indemnify the DIV Defendants for any award of punitive or exemplary damages in the *Abarca* Action.

45. Comparing the allegations of the Complaint to the provisions of the policy, there is no potential for coverage. Because there is no potential for coverage, Falls Lake has no duty to indemnify or defend the DIV Defendants with regard to the *Abarca* Action.

46. An actual controversy exists between Falls Lake, on the one hand, and the DIV Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff Falls Lake respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that Falls Lake has no duty to defend the DIV Defendants in the *Abarca* Action.

B. Declare that Falls Lake has no duty to indemnify the DIV Defendants for any loss or damages arising from the *Abarca* Action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

C. Declare that *Abarca* is bound by the final judgment that this Court enters as to whether Plaintiff Falls Lake owes coverage, defense or indemnity to the DIV Defendants under the Falls Lake policy,

DATED this 26th day of September 2023.

**TYSON & MENDES LLP**

*/s/ Priscilla O'Briant*

PRISCILLA O' BRIANT
Nevada Bar No. 10171
2835 St. Rose Parkway, Suite 140
Henderson, NV 89052
*Attorneys for Plaintiff Falls Lake Fire and Casualty Company*