**TYSON & MENDES LLP**
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
Email: pobriant@tysonmendes.com
2835 St. Rose Pkwy, Suite 140
Henderson, NV 89052
Tel: (702) 724-2648
Fax: (702) 410-7684
*Attorneys for Plaintiff Falls Lake*
*Fire and Casualty Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Falls Lake Fire and Casualty Company, a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>DIV Holdings, LLC d/b/a Jardin Premium Cannabis Dispensary, a Nevada limited liability company; DIV Realty, LLC, a Nevada limited liability company; Jorge Abarca, an individual; DOES 1-20; and ROE CORPORATIONS 1 - 20, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-01516-JCM-MDC<br><br>**MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT JORGE ABARCA** |

Plaintiff Falls Lake Fire Falls Lake Fire and Casualty Company ("Falls Lake"), by and through its counsel of records, hereby moves this Court for leave to serve Defendant Jorge Abarca via publication.

Abarca has proven elusive to serve despite the best efforts of Falls Lake and its process servers. This defendant is either not at his last known address, evading service through the person appearing at the subject address, or is unavailable for service at any other address that plaintiff's process servers investigated.

Based on the failure of its efforts to result in service on Defendant Jorge Abarca, Plaintiff Falls Lake filed its *Ex Parte Motion for Order to Enlarge Time for Service of Complaint on Defendant Jorge Abarca* on December 26, 2023 (ECF 15). Falls Lake thereafter filed an *Amended Ex Parte Motion for Order to Enlarge Time for Service of Complaint on Defendant Jorge Abarca* (First Request) (ECF 18) due to additional information obtained from its

1

investigators. Plaintiff also sought to extend the deadline by 90 days rather than the original 60 days requested to allow time for consideration of its *Ex Parte Motion for Alternative Service of Process on Defendant Jorge Abarca* (ECF 17) which was filed concurrently therewith, and time to effect service by publication on Jorge Abarca should it be granted.

Falls Lake originally filed its prior motions as "ex parte" motions as it would not be able to serve the motions upon Defendant Jorge Abarca. However, upon further review, an ex parte motion is a motion or application that is filed with the court "but is not served on the opposing or other parties." LR IA 7-2. This motion has been served on "all counsel of record" in the case. Thus, Falls Lake re-files this motion as a standard motion.[1]

FRCP 4(e)(1) allows service upon an individual by following state law for serving a summons. This Court is located in the District of Nevada. Falls Lake was unable to serve Defendant Jorge Abarca within 90 days after the complaint was filed despite numerous efforts. In such instances, and upon a showing that other methods of service are impracticable, the Nevada Rules of Civil Procedure ("NRCP"), upon motion and without notice to the person being served, allow a court to direct that service be made by publication. NRCP 4.4(c).

This Motion is based on the Memorandum of Points and Authorities below, the Declaration of Priscilla L. O'Briant and other exhibits attached hereto, and any argument the Court may hear on a hearing associated with this motion.

DATED this 16th day of February, 2024,

TYSON & MENDES LLP

By: /s/ Priscilla L. O'Briant
PRISCILLA O'BRIANT, ESQ.
Nevada Bar No. 10171
TYSON & MENDES LLP
2835 St. Rose Pkwy, Suite #140
Henderson, NV 89052
*Attorneys for Plaintiff*

/ / /

/ / /

---

[1] See e.g., *Georgiou Fam. Tr. v. Ruthen*, No. 221CV1060JCMDJA, 2021 WL 5370233, at *1 (D. Nev. Nov. 17, 2021)

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff Falls Lake has been unable to effect service on Abarca despite the best efforts of Falls Lake and its process servers. Abarca is not at the home address listed with the Nevada DMV or a prior address identified in a background search. Additionally, Falls Lake has been unable to serve Abarca at any other location discovered by Falls Lake and its investigator and process servers. Falls Lake seeks leave to serve Abarca by other means. Nevada State law allows for service via publication where other methods of attempted service have failed. The Declaration of Priscilla L. O'Briant and affidavits of due diligence in serving Abarca demonstrate the efforts of Falls Lake to personally serve Abarca. For these reasons, the Court should grant Falls Lake leave to serve Abarca via publication.

### II. BACKGROUND

On March 27, 2023, Defendant Abarca filed a Complaint (the "Complaint") in the Eighth Judicial District Court, Clark County, Nevada captioned *Abarca v. Nash*, et. al., case number A-23-867873-C (the "underlying Action"). See *Declaration of Priscilla L. O'Briant in Support of Motion for Alternative Service of Process on Defendant Jorge Abarca*, attached hereto as Exhibit 1 ("Ex. 1"), ¶ 4, and Exhibit A thereto, page 1. The Complaint names DIV Realty, LLC ("DIV Realty"); DIV Holdings, LLC ("DIV Holdings"); Blackbriar Protective Services, LLC; and Cory Nash as Defendants. *Id*. DIV Realty and DIV Holdings are hereafter collectively referred to as the "DIV Defendants". The Complaint alleges Jorge Abarca was, at all times relevant, a resident of Clark County, Nevada. *Id*.

Falls Lake insured DIV Holdings, LLC under a Commercial General Liability Policy, Policy No. FLF-NV-PK-03279-02 (the "Policy"). On September 26, 2023, Falls Lake instituted the present Declaratory Judgment action to determine its obligations to the DIV Defendants under the Policy. The Complaint names Jorge Abara as a proper party to the action. See *Complaint for Declaratory Judgment*, on file herein as ECF, page 1.

3

Under FRCP 4(m) and FRCP 6(a)(1)(C), the deadline for Falls Lake to serve the defendants was December 26, 2023. Falls Lake timely served the DIV Defendants. See Affidavits of Service, on file herein as ECF 8 and 8-1.

However, Falls Lake has not been able to serve Abarca. This was not the result of inadvertence or lack of effort. Falls Lake's process servers attempted service at various addresses. Falls Lake also hired an investigator which used its own techniques to identify an address to effectuate personal service but service could not be effected at this address.

Thus, on December 26, 2023, Falls Lake filed its *Ex Parte Motion for Order to Enlarge Time for Service of Complaint* on Defendant Jorge Abarca. ECF 15. Falls Lake thereafter filed an *Amended Ex Parte Motion for Order to Enlarge Time for Service of Complaint on Defendant Jorge Abarca* (First Request) (ECF 18) due to additional information obtained from its investigators. Plaintiff also sought to extend the deadline by 90 days rather than the original 60 days requested to allow time for consideration of its *Ex Parte Motion for Alternative Service of Process on Defendant Jorge Abarca* (ECF 17) which was filed concurrently therewith. The original motion to enlarge time (ECF 15) was denied as moot, and the amended motion to enlarge (ECF 18) was denied without prejudice. The original motion for alternative process (ECF 17 was denied without prejudice. Thus, Falls Lake brings the present motion demonstrating its service efforts as to Abarca and seeking leave to serve Abarca via publication, should the Court grant its present motion to enlarge time for service, filed concurrently herewith.

### III.
### LEGAL ANALYSIS AND DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure ("FRCP") governs service of individuals located within a judicial district of the United States. FRCP 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FRCP 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

///

///

4

NRCP 4.4 provides:

(c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.

    (1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:

        (A) cannot, after due diligence, be found;

        (B) by concealment seeks to avoid service of the summons and complaint; or

        (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).

    (2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:

        (A) through pleadings or other evidence establish that:

               (i) a cause of action exists against the defendant who is to be served; and

               (ii) the defendant is a necessary or proper party to the action;

        (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;

        (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;

        (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and

        (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:

               (i) the defendant's last-known address;

               (ii) the dates during which the defendant resided at that location; and

               (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

Thus, a plaintiff who desires to effect service by publication must meet eight requirements. NRCP 4.4(c). In summary, the plaintiff must (1) establish that "the service

methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable"; (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

A.   **Service Methods Provided by NRCP 4.2, 4.3, and 4.4(a) and (b) are Impracticable**

First, the litigant must establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable". NRCP 4.2 tracks FRCP 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FRCP 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States and permits service of an individual outside Nevada, but within the United States in the same manner as provided in Rule 4.2(a) for serving such defendant in Nevada. NRCP 4.4(a) governs service in a manner prescribed by statute and NRCP 4.4(b) governs service "through any alternative service method."

Falls Lake has established the service methods in NRCP 4.2, 4.3, 4.4(a) and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service is impracticable as Falls Lake attempted to serve Abarca at 1) his last known address in Nevada and 2) the address on file with the Nevada DMV. Service under NRCP 4.3 is also impracticable as Falls Lake attempted to serve Abarca at a newly discovered address in California to no avail.

6

Similarly, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires serving Abarca in a particular manner. Finally, service under NRCP 4.4(b) – which authorizes "any alternative service method" – is impracticable as Falls Lake cannot determine another method of service reasonably calculated to provide Abarca with notice and an opportunity to respond, other than those already undertaken.

**B.    Falls Lake's Efforts to Locate and Serve Abarca Satisfy the Second, Fifth and Eighth Requirements**

Falls Lake, in conducting an investigation of the underlying insurance claim, obtained a "Background Report" regarding Abarca. The Background Report identified a Nevada Driver's license issued to Jorge Abarca with an address of 5728 Bullhead Street, North Las Vegas, NV 89031. The report also identified a possible employer of Epic Worldwide with the same address of 5728 Bullhead Street, North Las Vegas, 89031. The report also noted a potential address of 4515 South Durango Drive, Apartment #1084, Las Vegas, NV 89147 (Clark County) (as of April, 2023). Ex. 1, ¶¶ 6 and 7, and Exhibit B thereto, pages 9 and 10.

Falls Lake's process server attempted service at the DMV address of 5728 Bullhead Street, North Las Vegas, NV 89031 on November 10, 2023. There was "no response" with this attempt to serve. See *Affidavit of Due Diligence*, attached here as Exhibit 2. Thereafter, the process server went to the same address again on November 12, 2023 and spoke with a Caucasian female named "Erin" who stated she had resided at the address for two years and does not know Abarca. *Id*.

On December 1, 2023, Falls Lake's process server attempted service at the address of 4515 South Durango Drive, Apartment #1084, Las Vegas, NV 89147 identified in the Background report as current as of April, 2023. The process server spoke with the current resident, Nichole, who stated she did not know Abarca and wasn't aware if he was the prior resident. See *Affidavit of Due Diligence*, attached here as Exhibit 3.

Falls Lake employed the services of Nationwide Legal Investigations ("Nationwide") to locate Abarca's current address. Nationwide's efforts to locate Abarca included some or all of the following:  1) address summary search; 2) phone records search; 3) social media search; 4)

7

real property search; 5) driver's license search; 6) utilities search; 7) professional licenses search; 8) criminal/civil record search; 9) employer search; 10) neighbors and relatives search; 11) pre-text phone calls/ruses; and 12) liens/judgment search. Ex. 1, ¶ 8, and Exhibit C thereto, page 1; see also January 2, 2024, *Declaration of Private Investigator Kristen Widmann re: Due Diligence Search for Defendant Jorge Abarca, an individual*, Exhibit 4 (Ex. 4), ¶ 6. Nationwide indicated Abarca resided at 2414 N. Tustin Ave., Apt. B6, Santa Ana, CA 92705 as of December 11, 2023. Ex. 1, ¶ 9, and Exhibit C thereto, page 2; See also Ex. 4, ¶ 7. Counsel inquired if they could determine when he moved to that address. They responded:

> We were unable to find any utilities using his social security number or phone number. We spoke to a family member that he has listed as a previous address, she neither confirmed nor denied him being at the residence, he could possibly be transient as well. The relative that we spoke to was Sandra Lopez (702) 768-8197.

Ex. 1, ¶ 10, and Exhibit D thereto, page 001.

Despite concerns Abarca might be transient, service was attempted at 2414 N. Tustin Ave., Apt. B6, Santa Ana, CA 92705 address on December 15, 2023 at 7:55 a.m., December 17, 2023 at 8:07 p.m., and December 20, 2023 at 12:10 p.m. On all attempts there was no answer at the door and no movement or activity inside. See *Affidavit of Due Diligence*, attached here as Exhibit 5.

As of January 3, 2024, Nationwide verified Abarca has an Active Criminal Domestic Violence Protective Order issued for him to stay away from the address of 2414 N. Tustin Avenue, Apt. B6, Santa Ana, CA 92705, and for him to stay away from occupant Sandra Lopez. See *Declaration of Private Investigator Kristen Widmann re: Due Diligence Search for Defendant Jorge Abarca*, an individual, attached hereto as Exhibit 6, ¶ 7. Nationwide also learned Abarca has an upcoming hearing scheduled for February 28, 2024 in Department 56 of the Orange County Superior Court. *Id*. No other information was obtained at that time, and Nationwide could not determine his current whereabouts. *Id*.

Despite reasonable efforts and due diligence, Falls Lake has been unable to discover a current address for Abarca where service may be made, other than those described above. Ex. 1, ¶11.

Additionally, as it appeared Abarca might be transient, counsel for Falls Lake sent an e-mail to his counsel in the Underlying Action on December 12, 2023. See Ex. 1, ¶ 12, and Exhibit E thereto, page 001. She informed counsel that Falls Lake had filed a Dec Action related to its obligations to the DIV Defendants and named Abarca as a defendant. *Id*. She provided a copy of the Complaint and requested he advise if he could accept service on behalf of Abarca. *Id*. Counsel for Abarca did not respond. See Ex. 1, ¶ 13. On December 21, 2023, counsel sent a follow up e-mail regarding the request. See Ex. 1, ¶ 14, and Exhibit F thereto, page 001. Counsel also advised Falls Lake intended to proceed with a motion to effectuate service by publication. *Id*. To date, Abarca's counsel has not responded. See Ex. 1, ¶ 15.

As set forth above, Falls Lake diligently sought to serve Abarca both at his last known address (current as of April, 2023) as well as the address on file with the DMV. Falls Lake then hired Nationwide Legal Investigations ("Nationwide") to locate Abarca. Nationwide indicated Abarca resided in Santa Ana, California as of December 11, 2023. Service was attempted at this new address across multiple days and multiple times. As of January 3, 2024, Nationwide learned Abarca has been ordered by a California court to stay away from that address. Nationwide could find no utilities in Abarca's name using his social security or phone numbers and indicated he might be "transient." Falls Lake has been unable to discover a current address for Abarca where service may be made, other than those described above.

Falls Lake avers it has established it exercised due diligence but could not locate Abarca; has set forth specific facts demonstrating its efforts to locate Abarca; provided Abarca's last known address and the dates at which he lived there; and established Falls Lake is unaware of any other address where Abarca may reside.

**C.    A Valid Cause of Action Exists and Abarca is a Proper Party to This Action**

Falls Lake filed this action to determine its rights and obligations under the policy of insurance issued to the DIV Defendants in relation to the litigation filed against them by Abarca. There is a real and immediate controversy between the DIV Defendants and Falls Lake concerning Falls Lake's duty to defend the DIV Defendants in the Underlying Action. See e.g., *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 287 (D. Nev. 1987).

9

In *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* the United States Supreme Court found a liability insurer's complaint for a declaratory judgment that it is not liable on the policy nor obligated to defend a case pending in the state court against the insured presents an "actual controversy," not only with the insured, but also with the injured person, who has a statutory right to proceed against the insurer if the insured failed to satisfy a final judgment within 30 days. *Pacific Coal & Oil Co.,* 312 U.S. 270, 273-274, 61 S.Ct. 510, 512-513 (1941). Nevada law allows actions by third-party tort claimants against third-party liability coverage providers once a judgment is obtained. See e.g., *Hall v. Enterprise Leasing Co.-West*, 137 P.3d 1104, 1109 (Nev. 2006).

The *Pacific Coal & Oil Co.* Court also found joinder by an insurer of the injured party as a defendant in a declaratory relief action is proper because if such joinder is not allowed there would be a danger of conflicting interpretations of the insurance policy. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 274, 61 S.Ct. 510, 512. See also, *Indem. Ins. Co. of N. Am. v. Kellas*, 173 F.2d 120, 124 (1st Cir. 1949) (tort claimant is necessary and proper party in order that the court may be enabled to give more complete relief).

Thus, Falls Lake's Complaint sets forth a valid cause of action. Abarca is a proper party to this action.

**D.     Proposed Summons and Publication**

Falls Lake proposes the following newspapers/periodicals to be used to publish summons on Abarca, and which Falls Lake believes is reasonably calculated to provide actual notice of the proceedings to Abarca:

1.     Las Vegas Review Journal, which is a daily newspaper of general circulation, printed and published in Las Vegas, Clark County, Nevada.

2.     The Orange County Register, which is a daily newspaper of general circulation printed and published in Orange County, California, in which Santa Ana is located.

3.     Falls Lake additionally submits the proposed language to be included in the publications for Abarca. For purposes of publication in the Las Vegas Review Journal, Falls Lake proposes:

Jorge Abarca, Las Vegas, Nevada. A lawsuit had been filed against you in the United States District Court of Nevada, Case No. 2:23-cv-01516-JCM-MDC. Plaintiff Falls Lake Fire and Casualty Company has sued you, by way of a Complaint in which it has sought a declaration from a Court of competent jurisdiction. Falls Lake requests the Court find it has no duty to defend DIV Realty, LLC or DIV Holdings, LLC against the action filed against them by you. Falls Lake also requests the Court find it has no duty to indemnify DIV Realty, LLC or DIV Holdings, LLC for any damages awarded to you and against them.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be filed with the court and served on the plaintiff or plaintiff's attorney, whose name and address are:

Priscilla L. O'Briant, Esq.
Tyson & Mendes, LLC
2835 St. Rose Pkwy., Suite 140
Henderson, NV  89052

4. For purposes of publication in the Orange County Register, Falls Lake proposes:

Jorge Abarca, 2414 N. Tustin Ave., Apt. B6, Santa Ana, CA  92705. A lawsuit had been filed against you in the United States District Court of Nevada, Case No. 2:23-cv-01516-JCM-MDC. Plaintiff Falls Lake Fire and Casualty Company has sued you, by way of a Complaint in which it has sought a declaration from a Court of competent jurisdiction. Falls Lake requests the Court find it has no duty to defend DIV Realty, LLC or DIV Holdings, LLC against the action filed against them by you. Falls Lake also requests the Court find it has no duty to indemnify DIV Realty, LLC or DIV Holdings, LLC for any damages awarded to you and against them.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be filed with the court and served on the plaintiff or plaintiff's attorney, whose name and address are:

Priscilla L. O'Briant, Esq.
Tyson & Mendes, LLC
2835 St. Rose Pkwy., Suite 140
Henderson, NV  89052

E. **Additional Methods of Notice**

NRCP 4.4(d) provides:

In addition to any other service method, the court may order a plaintiff to make

11

reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.

Falls Lake believes Abarca has notice of this action through its provision of the Complaint to Leo Flangas, Esq., Abarca's attorney in the Underlying Action. However, Falls Lake will comply with any additional methods of notice ordered by this Court.

## IV.

## CONCLUSION

Falls Lake has complied with the provisions of FRCP 4 and NRCP 4.4 to entitle it to an Order allowing it to serve Abarca via publication. It went to great lengths but was ultimately unable to effectuate service on Abarca. Nonetheless, Falls Lake believes Abarca has actual notice of this litigation as notice of the action and a copy of the Complaint were provided to his counsel in the Underlying Action. Thus, Falls Lake respectfully seeks an Order allowing it to serve Abarca by publication.

DATED this 16th day of February 2024,

TYSON & MENDES LLP

By: /s/ Priscilla L. O'Briant
PRISCILLA O'BRIANT, ESQ.
Nevada Bar No. 10171
TYSON & MENDES LLP
2835 St. Rose Pkwy, Suite #140
Henderson, NV 89052
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

DATED: 3/5/2024

_____
Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE

**INDEX OF EXHIBITS**

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Declaration of Priscilla L. O'Briant in Support of Plaintiff's *Motion for Order to Enlarge Time for Service of Complaint on Defendant Jorge Abarca* | 34 |
| 2 | November 17, 2023 Affidavit of Due Diligence | 1 |
| 3 | December 7, 2023 Affidavit of Due Diligence | 1 |
| 4 | January 2, 2024 Declaration of Private Investigator Kristen Widmann re: Due Diligence Search for Defendant Jorge Abarca | 3 |
| 5 | December 21, 2023 Affidavit of Due Diligence | 1 |
| 6 | January 3, 2024 Declaration of Private Investigator Kristen Widmann re: Due Diligence Search for Defendant Jorge Abarca | 3 |

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of Tyson & Mendes LLP, and that on this 16th day of February, 2024, I served a true and correct copy of the foregoing **MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT JORGE ABARCA** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk; and/or

☐ via hand-delivery to the addressees listed below; and/or

☐ via facsimile; and/or

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m. (PST/PDT).

KIRK B. LENHARD, ESQ.
klenhard@bhfs.com
MALIQ I. KENDRICKS, ESQ.
mkendricks@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Attorneys for Defendants DIV Holdings, LLC d/b/a Jardin Premium Cannabis Dispensary; and DIV Realty, LLC

                                               */s/Abigail Prince*
                                               An employee of Tyson & Mendes LLP