1
2
3
4          UNITED STATES DISTRICT COURT
5              DISTRICT OF NEVADA
6                      * * *
7  FALLS LAKE FIRE AND CASUALTY          Case No.2:23-CV-1516  JCM (MDC)
   COMPANY,
8
                          Plaintiff(s),              ORDER
9
        v.
10
   DIV HOLDINGS, et al.,
11
                          Defendant(s).
12

13
14        Presently before the court is plaintiff Falls Lake Fire and Casualty Company's motion for
15  summary judgment against defendants DIV Holdings and DIV Realty.  (ECF No. 32).  The DIV
16  defendants filed a notice of non-opposition (ECF No. 36), to which Falls Lake replied (ECF No.
17  37).
18        Also before the court is Falls Lake's Rule 55(b)(2) motion for default judgment against
19  defendant Jorge Abarca.  (ECF No. 35).  For the reasons stated below, the court grants both
20  motions.
21  **I.     Background**
22        This is a declaratory judgment action in which Falls Lake asks the court to find that it owes
23  no duty to defend or indemnify the DIV defendants in connection with a shooting incident.  (ECF
24  No. 32).
25        In December 2022, a cannabis store security guard allegedly assaulted and shot defendant
26  Jorge Abarca, causing severe injuries.  (ECF No. 1).  The cannabis store and property where its
27  located are owned and operated by the DIV defendants.  (*Id.*).  Abarca filed an action in Nevada
28  state court naming the security guard and the DIV defendants.  (*Id.*).

1   Falls Lake insures the DIV defendants under a general liability policy. (ECF No 32.). The

2   DIV defendants in the Abarca action claimed the incident would be covered under its Falls Lake

3   policy. Falls Lake agreed to defend DIV Holdings in the Abarca action but reserved its right based

4   on its belief that no coverage exists under the policy.[1]   (ECF No. 32).

5   Falls Lake filed a complaint in this court seeking to resolve its rights and obligations to the

6   DIV defendants. It now moves for summary judgment finding that it owes no duty to the DIV

7   defendants in connection with the Abarca action. The DIV defendants filed a notice of non-

8   opposition.

9   Falls Lake also filed a motion for default judgment against Abarca requesting the court to

10  enforce its findings on Falls Lake's rights and obligations against Abarca. The clerk entered

11  default against Abarca on June 6, 2024.

12  **II.     Summary Judgment Motion**

13      A.  Legal Standard

14  The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

15  depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any),

16  show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

17  as a matter of law." Fed. R. Civ. P. 56(a).

18  The moving party can meet its burden on summary judgment in two ways: (1) by presenting

19  evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating

20  that the non-moving party failed to make a showing sufficient to establish an element essential to

21  that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,*

22  477 U.S. 317, 323–24 (1986).

23  If the moving party satisfies his initial burden, the burden then shifts to the opposing party

24  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

25  *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

26  opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient

27

28      [1] Under Nevada law, the duty to defend attaches upon notice of a demand and continues
    through litigation to final resolution of the claim. *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 309,
    212 P.3d 318, 325 (2009).

1  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

2  versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

3  However, the nonmoving party cannot avoid summary judgment by relying solely on

4  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

5  1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

6  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

7  for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or

8  is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby,*

9  *Inc.*, 477 U.S. 242, 249–50 (1986).

10  B. Discussion

11  Falls Lake argues it owes no duty to defend or indemnify the DIV defendants under the

12  unambiguous terms of the insurance policy. Specifically, Falls Lake contends there is no coverage

13  because the Abarca complaint alleges an intentional act that does not fall within the policy terms

14  covering accidents.

15  Insurance contract interpretation is a question of law that may be decided on summary

16  judgment when material facts are not in dispute. *Federal Ins. Co. v. American Hardware Mutual*

17  *Ins. Co.*, 184 P.3d 390, 392 (2008); *see also Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64, 64 P.2d

18  472, 473 (2003). As the DIV defendants submitted a notice of non-opposition, the court finds

19  there are no disputed facts.

20  The policy provides that Falls Lake will pay damages because of "bodily injury" caused

21  by an "occurrence." (ECF No. 32 at ). "Occurrence" is defined as "an accident, including

22  continuous or repeated exposure to substantially the same general harmful conditions." (*Id*.).

23  Though "accident" is undefined in the policy, the plain terms do not mention intentional acts such

24  as assault or battery, nor does it mention criminal conduct.

25  The DIV defendants do not argue with Falls Lake's characterization of the policy terms.

26  The court agrees that the conduct described in the underlying complaint is intentional and

27  unambiguously outside the scope of the policy. As such, the court grants Falls Lake's motion for

28  summary judgment and finds Falls Lake owes no duty to indemnify or defend the DIV defendants

1    in the Abarca action.

2    **III.    Default Judgment Motion**

3         A.  Legal Standard

4         Under Federal Rule of Civil Procedure 55(b), after the court clerk has entered default, the

5    party seeking affirmative relief may move for default judgment.  *Eitel v. McCool*, 782 F.2d 1470,

6    1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  Default judgment

7    is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed

8    to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P.

9    55(a).  There is no right to the entry of default judgment, and the matter is committed to the district

10   court's discretion.  *See Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe*, 616 F.2d

11   at 1092.

12        When exercising its discretion to grant default judgment, the court considers seven factors:
     (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits
13   of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5)
     the possibility of a dispute concerning material facts; (6) whether default was due to
14   excusable neglect; and (7) the policy favoring a decision on the merits.

15   *Eitel*, 782 F.2d at 1471–72.  When applying the *Eitel* factors, the factual allegations of the

16   complaint, except those relating to the amount of damages, are taken as true.  *See Fair Housing of

17   Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557,

18   560 (9th Cir. 1977).  "[D]efault judgments are more often granted than denied."  *PepsiCo, Inc. v.*

19   *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

20        B.  Discussion

21        Falls Lake also named Jorge Abarca as a proper party to this action and asks the court to

22   bind Abarca to this court's final judgment on Falls Lake's rights and obligations.  After considering

23   the *Eitel* factors, the court finds that Falls Lake is entitled to default judgment.

24        The first factor "considers whether the plaintiff will suffer prejudice if default judgment is

25   not entered."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here,

26   Falls Lake would be prejudiced if Abarca is permitted to bring a later action to recover directly

27   from Falls Lake.

28

Factors two and three also support default judgment. The facts demonstrate that Falls Lake has a legitimate claim in this jurisdiction to resolve the rights of the relative parties. The complaint sufficiently sets forth the merits of its declaratory judgment action to determine its liability. Because the court is granting Falls Lake's motion for summary judgment against the DIV defendants, these factors are satisfied.

The fourth and fifth factors are irrelevant as Falls Lake is not seeking a monetary reward and there are no disputed facts as to the existence of the insurance policy. As to the sixth factor, it does not appear that Abarca's failure to respond was due to excusable neglect. Falls Lake claims it made multiple attempts to reach Abarca's counsel, none of which were successful. This factor weighs in favor of default judgment.

Finally, the court is unpersuaded by public policy favoring a decision on the merits. Here, Abarca has had several opportunities to respond to Falls Lake's complaint seeking a declaratory judgment. It is not reasonably possible to grant a decision on the merits when the defendant fails to answer a complaint. "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177.

The *Eitel* factors overwhelmingly support entry of default judgment, and the court finds that default judgment in favor of Falls Lake is warranted. Accordingly, Abarca is bound by the final judgment of this court concerning Falls Lake's liability to the DIV defendants.

## IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Falls Lake Fire and Casualty Company's motion for summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Falls Lake Fire and Casualty Company's motion for default judgment (ECF No. 35) be, and the same hereby is, GRANTED.

DATED November 21, 2024.

_____
UNITED STATES DISTRICT JUDGE